IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 15-1007-GMS |
| DAVID PIERCE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff Michael L. Jones ("Jones"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 6.)

## II. BACKGROUND

Jones requests counsel to aid in redressing health grievances, for assistance in serving defendants, the VCC is currently on lockdown, the defendants submitted false evidence in their opposition to his motion for injunctive relief, and he needs assistance to litigate his case. (D.I. 47, 56.) He also seeks additional time to respond to the defendant's motion to dismiss that was filed on December 1, 2016. (D.I. 35, 46.)

## III. DISCUSSION

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron*

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.")

*v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing the plaintiff's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's requests for counsel. (D.I. 47, 56.) Should the need for counsel arise later, one can be appointed at that time.

Finally, the court will grant Jones' motion for an extension of time to file a response to the pending motion to dismiss.

2

## IV. CONCLUSION

For the above reasons, the court will deny Jones' requests for counsel (D.I. 47, 56) and will grant his motion for an extension of time (D.I. 46).

An appropriate order will be entered.

/s/ _____
UNITED STATES DISTRICT JUDGE

May 18, 2017
Wilmington, Delaware