IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-1007-GMS |
| | ) | |
| WARDEN DAVID PIERCE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff Michael L. Jones ("Jones") is an inmate who was incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. In January 2018, he was transferred to the Pennsylvania Department of Corrections, SCI Dallas in Dallas, Pennsylvania. (D.I. 79.) On November 2, 2015, Jones filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 during the time he was housed at the VCC.[1] (D.I. 3.) Before the court is a motion to dismiss filed by the defendants Christine Francis, R.N. ("Francis") and Laurie Spraga ("Spraga") (together "the moving defendants"). (D.I. 73.) Jones did not file a response to the motion. He requests counsel and has filed a response to the court's May 5, 2018 show cause order. (D.I. 77, 79.)

**II. MOTION TO DISMISS**

Jones raises medical needs claims in violation of his constitutional rights. The original

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

complaint named Jane Doe, Director of Connections. Jones later identified two Doe defendants: Director of Connections Laurie Spraga (*see* D.I. 9) and medical supervisor Christine Francis (*see* D.I. 10). Spraga and Francis move for dismissal pursuant to Fed. R Civ. P. 12(b) on the grounds that the claims are raised against them in their supervisory positions, the claims are not properly pled and, to the extent Jones raises a medical negligence claim, he has not complied with the Delaware Health Care Negligence Insurance and Litigation Act. *See* 18 Del. C. §§ 6801-6865. (D.I. 73.)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Jones proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement

of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, __U.S. __, 135 S. Ct. 346, 346 (2014).

A complaint must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The claims raised against Spraga and Francis are deficiently pled under the standards of *Twombly* and *Iqbal*. In addition, it is evident that the moving defendants were sued based upon their supervisory positions. However, there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325, (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Further, to the extent Jones seeks to raise supplemental State claims for medical negligence, he failed to comply with the Delaware Health Care Negligence Insurance and Litigation Act. It requires a party alleging medical negligence to produce an affidavit of merit

3

with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Foundation*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. To the extent Jones alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). He did not.

Based upon the foregoing, the court will grant the moving defendants' motion to dismiss. (D.I. 73.) However, since it appears plausible that Jones may be able to articulate a 42 U.S.C. § 1983 claim against the defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### III. SHOW CAUSE ORDER

On May 8, 2018, the court ordered Jones to show cause why the defendants Dr. Gay ("Dr. Gay") and A. Neqoita ("Neqoita") should not be dismissed for failure to service process pursuant to Fed. R. Civ. P. 4(m). (D.I. 74.) The court took reasonable steps to assist Jones in serving Dr. Gay and Neqoita, to no avail. Jones responds that when he was transferred he lost all his legal materials and asks for counsel to assist him. (D.I. 79.) Jones did not, however, explain why the two unserved defendants should not be dismissed.

The court finds that Jones has failed to show cause why Dr. Gay and Neqoita should not be dismissed for failure to effect service pursuant to Fed. R. Civ. P. 4(m). Therefore, they will be dismissed as defendants.

4

## IV. MISSING DOCUMENTS

Jones advises the court that when he was transferred to the Pennsylvania Department of Corrections none of his legal work for this case was transferred with him. Therefore, the Clerk of Court will be directed to provide Jones with copies of D.I. 3, 6, 8, 9, 10, 13, 23, 24, 36, 49, 58, 59, 60, 62, 66, 71, and 73. In addition, the Clerk of Court will be directed to provide Jones with a copy of the court docket. Jones shall advise the court if there are documents he believes he needs to litigate the case.

## V. REQUEST FOR COUNSEL

Jones seeks counsel on the grounds that he was transferred from the Delaware Department of Correction and currently does not have access to Delaware legal materials to aid him in prosecuting his case. (D.I. 77.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the

---

[2] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Jones' request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. This case is still in the pleading stage and the court will aid Jones in obtaining documents that have been filed in this matter. In addition, as discussed, the Clerk of Court will be directed to provide Jones with a copy of the court docket so that he may advise the court if there are documents he believes he needs to litigate the case. Therefore, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 77.) Should the need for counsel arise later, one can be appointed at that time.

## VI.    CONCLUSION

For the above reasons, the court will grant the motion to dismiss. (D.I. 73.) Jones will be given leave to file an amended complaint. In addition, the court will: (1) dismiss the defendants Dr. Gay and A. Neqoita; (2) deny without prejudice to renew Jones' request for counsel (D.I. 77); and (3) direct the Clerk of Court to provide Jones with certain court filings and a copy of the court docket.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

____July 25____, 2018
Wilmington, Delaware