IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-1007-CFC |
| WARDEN DAVID PIERCE, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington, this 2nd day of November 2018, having considered Plaintiff's fifth request for counsel (D.I. 83);

IT IS ORDERED that Plaintiff's request for counsel (D.I. 83) is **DENIED** without prejudice to renew, for the reasons that follow:

Plaintiff Michael L. Jones ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, now housed within the Pennsylvania Department of Corrections, SCI Dallas in Dallas, Pennsylvania, commenced this action on November 15, 2015. The remaining Defendants include former VCC Warden David Pierce and Ms. Jassa and J. Krafcik, both of whom are registered nurses, all other Defendants having been dismissed. (See D.I. 81, 85)

Plaintiff raises medical needs claims. Because Plaintiff's Complaint arguably raised a medical negligence claim under Delaware law, Medical Defendants moved to dismiss the supplemental claim on January 12, 2018 for Plaintiff's failure to comply with 18 Del. C. § 6853(a)(1), which requires a plaintiff to submit an affidavit of merit as to

1

each defendant signed by an expert witness at the time the complaint is filed. Plaintiff did not file an opposition to the motion, and the claim was dismissed. (D.I. 81)

After dismissal of the medical negligence claim, Plaintiff filed a renewed request for counsel on August 17, 2018, stating it was impossible for him to obtain an affidavit of merit because he does not have an attorney or any means to obtain expert testimony or expert witness to submit an affidavit of merit as is required under Delaware law. (D.I. 83) Plaintiff has previously sought counsel.[1] (See D.I. 5, 21, 47, 77) The previous requests for counsel speak to Plaintiff's constitutional claims and do not mention a medical negligence claim. None of the prior requests sought counsel on the grounds that an attorney was necessary to aid Plaintiff in seeking an affidavit of merit. Nor do any of the previously filed requests for counsel state that an expert is necessary to aid in obtaining an affidavit of merit or that an expert is necessary for any reason. Now, for the first time, and only after the medical negligence claim was dismissed, does Plaintiff seek counsel for this reason.

Notably, prior to dismissal, Plaintiff did not file an affidavit (even a non-compliant affidavit) or move for an extension to file an affidavit which Delaware's statute allows if a plaintiff can show good cause for his inability to submit an affidavit of merit. See 18 Del. C. § 6853(a)(2).[2] And, even after being apprised of these requirements by Medical

---

[1] Each motion was denied without prejudice to renew.

[2] In fact, Plaintiff appeared to have abandoned the case. He failed to advise the Court of his transfer to the Pennsylvania Department of Corrections; did not provide the Court with his new address, which the Clerk's Office received only after it requested it from the Delaware Department of Correction; and took no action from June 29, 2017, until July 10, 2018, when he responded to an order to show cause why the case should not be dismissed for failure to prosecute. (See D.I. 78, 79)

2

Defendants' motion, Plaintiff did not seek an extension of time to submit the required affidavit of merit. Nor has he ever sought an extension in this regard. It was only after dismissal that Plaintiff sought to remedy the issue of the required affidavit of merit. Given Plaintiff's actions, or the lack thereof, it was appropriate to dismiss the medical negligence claims for failure to file an affidavit or to move for an extension of time to file the required affidavit. *See Woods v. First Correctional Med., Inc.*, 446 F. App'x 400, 405 (3d Cir. 2011).

Finally, under 18 Del. C. § 6856, a plaintiff has two years to bring a medical negligence suit. However, without a proper affidavit, a complaint sounding in medical negligence is insufficient and the statute of limitation will not be tolled. *See Benson v. Mow*, 2014 WL 7007758, at *2 (Del. Super. Dec. 4, 2014) (Complaint, although filed within the proper period, was accompanied by a non-statutorily compliant affidavit of merit and was time-barred as not filed within the statutory period). It is clear from the face of the Complaint, that Plaintiff's claims are now time-barred. Plaintiff may not change the course of this litigation at this late juncture by requesting assistance of counsel in the futile mission of obtaining an affidavit of merit for a time-barred claim. The medical negligence claim lacks arguable merit as it is time-barred and, therefore, representation by counsel is not appropriate. *See Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993); *compare e.g., Colston v. Correctional Med. Services*, 256 F. App'x 551 (3d Cir. 2007) (appointment of counsel appropriate in prisoner case raising Eighth Amendment and medical malpractice claims where *Tabron* factors were met, including that claims were arguably meritorious). Therefore, the motion will be denied.

Plaintiff contends the Court erred in its previous rulings denying counsel, relying upon *Brathwaite v. Phelps*, 734 F. App'x 114 (3d Cir. 2018), which held that counsel should have been sought after the District Court determined Plaintiff needed expert testimony to make his Eighth Amendment claims. *Id.* at 120. Here, discovery has not yet commenced, the Court has not entered a scheduling and discovery order, and there has been no determination that an expert is necessary for Plaintiff's constitutional claims.

Therefore, the Court will deny Plaintiff's fifth request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

_____
UNITED STATES DISTRICT JUDGE